## RANDALL IVERS *v.* COMMISSIONER OF CORRECTION
### (AC 28595)

Bishop, Gruendel and Lavery, Js.

Argued October 10—officially released December 16, 2008

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Randall Ivers, appeals following the denial of his petition for certification to appeal from the summary judgment rendered in favor of the respondent, the commissioner of correction, on his amended petition for a writ of habeas corpus. We dismiss the appeal.

In 1995, the petitioner was arrested and charged with murder in connection with a homicide that occurred in 1984. The petitioner entered into a plea agreement and pleaded guilty to substituted charges of reckless manslaughter in the first degree and attempt to commit burglary in the first degree. In doing so, the petitioner

waived his statute of limitations defense to those charges.[1] The petitioner subsequently was sentenced to two consecutive fifteen year terms of incarceration.

The petitioner filed a petition for a writ of habeas corpus, alleging that his plea was not voluntary because, due to sleep deprivation, he was coerced into waiving his statute of limitations defense. He also alleged that he was denied the effective assistance of counsel. By memorandum of decision dated December 1, 2000, the court denied the petition. The petitioner then appealed, and the appeal was dismissed. See *Ivers* v. *Commissioner of Correction*, 68 Conn. App. 911, 796 A.2d 634 (2002).

The petitioner subsequently filed the present habeas action. In his three count, second amended petition, the petitioner claimed ineffective assistance of his habeas counsel for failure to raise the statute of limitations defense with regard to his conviction of attempt to commit burglary. The petitioner also asserted that his sentence is illegal and that the court lacked jurisdiction to sentence him on the attempt to commit burglary charge on the basis of the expiration of the statute of limitations for that offense. On December 17, 2002, the respondent filed a motion for summary judgment as to the petitioner's ineffective assistance claims. Several years later, on May 3, 2006, the petitioner filed an opposition to the motion for summary judgment. On May 4, 2006, the court rendered summary judgment in favor of the respondent. The court subsequently denied the petition for certification to appeal, and this appeal followed.

The respondent's motion sought summary judgment "as to the petitioner's claim that first habeas counsel rendered ineffective assistance in failing to challenge

---

[1] The charges to which the petitioner pleaded guilty were subject to a five year statute of limitations. See General Statutes § 54-193 (b).

trial counsel's failure to raise a statute of limitations defense." In rendering judgment in favor of the respondent, the court expressly granted the motion for summary judgment as presented. The court did not address or dispose of the petitioner's claims that he was illegally sentenced and that the court had no jurisdiction to impose a sentence on him.

On appeal, this court raised the question of whether a final judgment exists in light of the summary judgment rendered solely on the ineffective assistance claims. The parties filed supplemental briefs in which the petitioner has conceded, and this court agrees, that the court did not render a final judgment on the second amended petition.

Because this court has jurisdiction to hear an appeal only if the appeal is taken from a final judgment; General Statutes §§ 51-197a and 52-263; Practice Book § 61-1; this appeal must be dismissed. See *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983).

The appeal is dismissed.